NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BORIS ERNESTO GUARDADO-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    16-70706<br><br>Agency No. A070-408-558<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Boris Ernesto Guardado-Sanchez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's order denying his motions to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen and reconsider deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part, grant in part, and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Guardado-Sanchez's motion to reopen proceedings conducted in absentia where the record establishes that his attorney was provided with the notices of his hearing, and where he has not demonstrated reasonable cause for his failure to appear at his hearing. 8 U.S.C. § 1252(b) (1990); 8 C.F.R. § 3.24 (1987).

The BIA abused its discretion in denying Guardado-Sanchez's motion to reopen to seek special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). The record contains documents that demonstrate that it is more likely than not that Guardado-Sanchez was in Temporary Protected Status prior to October 31, 1991. *See* 8 C.F.R. § 1240.60 (Salvadoran nationals that applied for temporary protected status on or before October 31, 1991 are deemed to be registered ABC class members). The BIA's contrary determination, that Guardado-Sanchez did not demonstrate that he was prima facie eligible for NACARA relief for not being a registered ABC class member is unsupported by the record. *Albillo-De Leon v. Gonzales*, 410 F.3d 1090,

16-70706

1093-94 (9th Cir. 2005) (a prima facie showing of NACARA eligibility "need not be conclusive but need suggest only that it would be worthwhile to reopen proceedings." (internal quotations omitted)).

We lack jurisdiction to consider Guardado-Sanchez's unexhausted contentions that his former attorney provided ineffective assistance and that the immigration judge that ordered him removed in absentia should have instead administratively closed his case. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented to the agency in the alien's proceedings).

We lack jurisdiction to review the BIA's discretionary denial of sua sponte reopening. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court has jurisdiction to review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error). Guardado-Sanchez's contention that the BIA used an incorrect legal standard in denying sua sponte reopening is unsupported by the record, and therefore does not raise a colorable legal challenge to invoke jurisdiction.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and DISMISSED in part.**

16-70706